UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

MICHAEL JOSEPH MCGRAW,
an individual, and MICHAEL JOSEPH
MCGRAW, AS TRUSTEE OF THE
MICHAEL JOSEPH MCGRAW
FAMILY TRUST,

    Plaintiffs,

vs.

MARY THERESE MCGRAW,
an individual,

    Defendant.
_____/

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiffs, Michael Joseph McGraw ("Mr. McGraw"), and Michael Joseph McGraw, as Trustee of the Michael Joseph McGraw Family Trust, sue Defendant, Mary Therese McGraw (the "Former Wife")[1], and allege:

**NATURE OF THE ACTION**

1. This is an action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201-2202 relating to a Secured Promissory Note in the original principal amount of $27,215,000.00 (the

---

[1] Mr. McGraw and his Former Wife were divorced in Palm Beach County, Florida on March 6, 2019. *See* Final Judgment of Dissolution of Marriage, Case No. 2015DR010619XXXXNBFI, a true and correct copy of which attached as **Exhibit A**.

10425765-3

Note")[2], which was executed and delivered by Plaintiffs to the Former Wife pursuant to a Marital Settlement Agreement (the "MSA")[3].

2. The Former Wife has: (a) made and continues to make legally unjustified demands for Mr. McGraw to produce financial documents far exceeding the narrow content and scope of the required financial disclosure as negotiated in the Note and MSA; (b) fabricated and declared a **non-monetary** default of the Note by her counsel's letter of March 17, 2021 so she can exercise remedies, including accelerating all amounts due under the Note and foreclosing on a second mortgage encumbering Mr. McGraw's personal residence; and (c) improperly sought to expand and change the substantive scope of Mr. McGraw's disclosure obligations under the Note based only upon a "further assurances" provision in the Note.

3. Significantly, Mr. McGraw has timely and fully made every single payment due to his Former Wife under the Note (including payments of Extraordinary Distributions as defined in the Note, and the Former Wife's attorney's fees), and has paid a total of $17,418,750 toward the Equalizing Payment of $39,930,000 owed to his Former Wife for the equitable distribution of the marital assets (*i.e.*, 43.6% of the Equalizing Payment).

4. In addition, Mr. McGraw has provided his Former Wife all of the quarterly and annual financial reporting and distributions reporting required by the MSA (*see* Section 43 of the MSA). However, the Former Wife has made unjustified demands upon Mr. McGraw for the

---

[2] Mr. McGraw, individually, and as Trustee of the Michael Joseph McGraw Family Trust (collectively, as "Maker"), executed and delivered the Note, dated February 25, 2019, to the Former Wife. A true and correct copy of the Note is attached as **Exhibit B**. The Note is secured by, *inter alia*, a second mortgage on Mr. McGraw's principal residence located at 11778 Calleta Court, Palm Beach Gardens, Florida 33418.

[3] The Final Judgment of Dissolution of Marriage approved the MSA. True and correct excerpts of the MSA are attached as **Exhibit C**. Applicable excerpts, as opposed to the entire MSA, are attached to comply with Paragraph G of the Final Judgment of Dissolution of Marriage.

production of additional, extensive financial documentation, including documentation bearing no relation to the Note's collateral, much less Mr. McGraw's ability to make the payments due under the Note. The Former Wife's unfounded demands deviate substantially from the terms of the MSA and the security documents, seeking far more than Mr. McGraw's contractual disclosure obligations. The Former Wife accompanies her demands with threats of pursuing remedies based on alleged but concocted defaults under the MSA and the security documents.

## JURISDICTION, PARTIES, VENUE, AND CONDITIONS PRECEDENT MET

5. This Court has diversity jurisdiction over Plaintiff's declaratory judgment claim pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.[4] Further, there is an actual and substantial controversy between Plaintiff and the Former Wife regarding the issues set forth in the declaratory judgment count below for purposes of exercising jurisdiction under 28 U.S.C. §§ 2201 and 2202.

6. Plaintiff, Mr. McGraw, is an individual over the age of eighteen, a citizen of the State of Florida, and is otherwise *sui juris*.

7. Plaintiff, Michael Joseph McGraw, as Trustee of the Michael Joseph McGraw Family Trust under Declaration of Trust dated May 16, 2005, as amended and restated in its entirety on May 23, 2018, and on February 6, 2020, (the "Trust"), is an individual over the age of eighteen and a citizen of the State of Florida. The Trust is a revocable trust, and Mr. McGraw, the settlor of the Trust, is the sole lifetime beneficiary of the Trust.

---

[4] As of the filing of this Complaint, the Note, which is the subject of this declaratory judgment action, has an outstanding balance exceeding $22.5 million.

8. Defendant, Former Wife, is an individual over the age of eighteen, a citizen of the State of California, and is otherwise *sui juris*. This Court has personal jurisdiction over the Former Wife pursuant to Paragraph 9.12 of the Note and Paragraph 32.1 of the MSA.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because it is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and where the property encumbered by the security documents is located. In addition, venue is proper in this judicial district pursuant to Paragraph 9.12 of the Note and Paragraph 32.1 of the MSA.

10. All conditions precedent to filing this action by Plaintiffs have occurred, or have been performed, satisfied, waived or excused.

## COUNT I – DECLARATORY JUDGMENT

11. This claim is brought pursuant to 28 U.S.C. §§ 2201(a), which provides: "[i] a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

12. Plaintiffs incorporate the allegations in paragraphs 1 through 10 above, as if fully set forth herein.

13. Paragraph 7.1(b) of the Note contains the following "further assurances" provision:

> Further Assurances. Maker shall, at its sole cost and expense: (i) execute and deliver to Holder such documents, instruments, certificates, assignments, and other writings, and do such other acts reasonably necessary, to evidence, preserve, and/or protect the Pledged Collateral, including without limitation the real property at any time securing or intended to secure the Obligations hereunder as Holder may reasonably require from time to time; and (ii) do and execute all and such further lawful and reasonable acts, conveyances, and assurances in writing from the better and more effective carrying out of the intents and purposes of this Note as Holder may reasonably require from time to time.

14. Although Mr. McGraw has made every payment in full when due under the Note, on December 21, 2020, the Former Wife's counsel sent Mr. McGraw's counsel a letter requesting the following documents pursuant to Paragraph 7.1(b) of the Note within two weeks (an arbitrary timeframe contradicting the Note's thirty (30) day cure provision in Paragraph 7.3(c)):

> Documents reflecting every single dollar paid, lent, distributed, or otherwise transferred to Mike for the period March 1, 2019 to date by any member of the McGraw Group of Affiliated Companies. Documents reflecting every single dollar paid, lent, distributed, or otherwise received by Mike for the period March 1, 2019 to date by any member of the McGraw Group of Affiliated Companies including copies of his personal bank statements.
>
> If any funds by any of the McGraw Group of Affiliated Companies have been paid to Mike's wife, we demand all such records.
>
> A list of every single loan or borrowing or any kind or nature currently outstanding or outstanding in 2019 or 2020 by Mike or guaranteed by Mike including but not limited to mortgage debt, credit card debt, auto financings, boat financings, personal loans (including the loans from his parents), and any guarantees or any other obligations. In addition, we want his bank statements and credit card statements to confirm the accuracy of the foregoing information.

A true and correct copy of the December 21, 2020 letter is attached as **Exhibit D**.

15. On December 22, 2020, Mr. McGraw's counsel responded to the Former Wife's counsel's December 21, 2020 letter. A true and correct copy of the December 22, 2020 letter is attached as **Exhibit E**.

16. In the December 22, 2020 letter, Mr. McGraw's counsel advised the Former Wife's counsel that the document request imposed a wholly arbitrary timeframe for compliance and indicated Mr. McGraw would provide a realistic timeframe to furnish certain documents in early January 2021.

17. By letter December 23, 2020, the Former Wife's counsel extended the arbitrary document production deadline to January 15, 2021. A true and correct copy of the Former Wife's counsel's December 23, 2020 letter is attached as **Exhibit F**.

18. On January 15, 2021, Mr. McGraw complied with the Former Wife's December 21, 2020 request for documents, including advising that Mr. McGraw had requested bank statements from his bank. A true and correct copy of Mr. McGraw's counsel's January 15, 2021 letter is attached as **Exhibit G**.

19. On January 19, 2021, the Former Wife's counsel demanded the bank statements by January 27, 2021. A true and correct copy of the Former Wife's counsel's January 19, 2021 letter is attached as **Exhibit H**.

20. On January 27, 2021, as a courtesy and to avoid disputes and litigation, Mr. McGraw complied with his Former Wife's unilaterally imposed January 27, 2021 deadline by providing redacted bank statements, reflecting the distribution amounts Mr. McGraw received from the McGraw Group of Affiliated Companies. A true and correct copy of Mr. McGraw's counsel's January 27, 2021 letter is attached as **Exhibit I**. Prior to that date, Mr. McGraw had provided the Former Wife's counsel summaries of all wire transfers, distributions and expense reimbursements Mr. McGraw received from the McGraw Group of Affiliated Companies.

21. On February 12, 2021, the Former Wife, through her counsel, claimed Mr. McGraw's production of documents was deficient and demanded copies of unredacted bank statements and cancelled checks and copies of all credit card statements. A true and correct copy of the Former Wife's counsel's February 12, 2021 letter is attached as **Exhibit J**.

22. In the February 12, 2021 letter, the Former Wife's counsel additionally requested:

> Records reflecting the payoff of the "liabilities" of Michael J. McGraw satisfied and which are no longer outstanding including a

copy of the check, wire transfer, or other document showing payment.

Records reflecting the timely payment of all state and federal taxes and timely filing of tax returns pursuant to paragraph 7(d) of the secured note.

Records reflecting payments to Terri for her share of all extraordinary distributions.

23. On March 3, 2021, Mr. McGraw, through counsel, responded to his Former Wife's February 12, 2021 letter. A true and correct copy of the March 3, 2021 letter is attached as **Exhibit K**.

24. Mr. McGraw's counsel's March 3, 2021 letter stated, *inter alia*:

a. Mr. McGraw complied with the Former Wife's December 21, 2020 request for documents on January 15, 2021 and January 27, 2021 by providing detailed records relating to all of Mr. McGraw's receipts from the McGraw Group of Affiliated Companies and Mr. McGraw's redacted bank statements, which further evidence the amounts Mr. McGraw received from the McGraw Group of Affiliated Companies;

b. Mr. McGraw further provided to the Former Wife's counsel his credit card statements and a list of his outstanding and satisfied liabilities even though there is no specific provision in the MSA or the Note requiring him to do so;

c. Mr. McGraw disagrees with his Former Wife's legal interpretation of the Further Assurances provision in Paragraph 7.1(b) of the Note as requiring him to provide all of his personal financial information and detailed spending records, and Mr. McGraw correctly believes that his unredacted bank statements, cancelled checks, and detailed credit card statements requested in the February 12, 2021 letter are well beyond the scope of the language of Paragraph 7.1(b) (and the reporting required by MSA Section 43);

d.   Mr. McGraw has more than fully complied with all his obligations to produce documents pursuant to Paragraph 7.1(b) of the Note and Paragraph 43 of the MSA. Indeed, he has voluntarily provided additional information in good faith, although he is not required by the MSA or the Note to provide anything further in response to the Former Wife's counsel's requests;

e.   No provision in the MSA or the Note supports the Former Wife's counsel's additional requests in the February 12, 2021 letter, or his purported notice of default on March 17, 2021. Mr. McGraw is not required to produce detailed personal records reflecting his payments of various obligations to third parties. In addition, although the Former Wife has received full and timely payments for her share of Extraordinary Distributions, and already possessed the requested records, Mr. McGraw provided additional copies and proof of the same. The March 17, 2021 purported notice of default does not even specify what documents or information Former Wife's counsel requests in order to "cure" the alleged default Former Wife's counsel has concocted; and

f.   Mr. McGraw disagrees with his Former Wife's false complaints about his allegedly untimely response to her document requests. Even if Paragraph 7.1(b), of the Note required him to produce additional documents (which it does not); this Note provision imposes no set timeframe whatsoever for compliance. Moreover, Mr. McGraw responded within a month to document requests literally made 3 days before Christmas and provided much more information and documents than he was required to deliver.

25.   On March 17, 2021, the Former Wife's counsel responded to Mr. McGraw's counsel's March 3, 2021 letter with a "Notice of Default", asserting Mr. McGraw failed to comply with the "Further Assurances" provision in Paragraph 7.1(b) of the Note. The Notice of Default further states:

> The Maker's failure to comply with our requests for information constitutes an Event of Default which must be remedied under the

applicable cure period. All rights and remedies under the Promissory Note and Security Agreements for additional information are reserved. In the event that the underlying default is not cured within the applicable cure period, all rights and remedies under the Promissory Note and Security Agreements are likewise reserved.

A true and correct copy of the Former Wife's March 17, 2021 Notice of Default is attached as **Exhibit L**

26. There is a substantial, actual, continuing controversy between Plaintiffs and the Former Wife, which have adverse interests.

27. Nowhere in the Note, including its Further Assurances provision in Paragraph 7.1(b) is Mr. McGraw required to provide the Former Wife with his personal financial documents. Nowhere does the Former Wife's March 17, 2021 Notice of Default specify any documents or information required to cure the alleged default, or provide any support for the unsubstantiated demand, other than the Further Assurances provision in Paragraph 7.1(b). The Further Assurances provision neither expands nor changes the substantive scope of the parties' duties and obligations under the Note, and creates no new obligations for the parties. Rather, it only contemplates that the parties will follow through with other provisions of the Note. In other words, the Further Assurances clause creates no additional substantive duties and does not expand or modify the Note or the financial reporting provisions under the MSA. The Former Wife's claims that the general language in the Further Assurances provision supports additional financial reporting obligations amounts to an unsupported and illegal reformation of the Note.

28. Mr. McGraw has more than fully complied with the Former Wife's requests for financial documents to the extent supported by the Note and MSA, including providing documents establishing his compliance with the Indebtedness provision in Paragraph 7.2(a) of the Note regarding his unsecured debt.

29. In contrast, the Former Wife has frivolously manufactured an alleged non-monetary default under the Note, asserting that the Note's Further Assurances clause somehow requires Mr. McGraw to furnish documents or information, that the Note and MSA simply do not require.

30. Although Mr. McGraw's positions are based on the clear and unambiguous language in the Note and the MSA, given the Former Wife's position and her purported threats to exercise all remedies under the Promissory Note and the security agreements, Plaintiffs plead the *prima facie* elements of a claim for declaratory relief, including that they are in doubt as to his rights, status or other equitable or legal relations, and entitled to a declaration that the Note is in good standing, unaffected by the Former Wife's claims of alleged (and manufactured) default.

31. Plaintiffs' status or other equitable or legal relations are directly affected by the present controversy.

32. This dispute has concrete, material and immediate consequences for the parties. Accordingly, a declaration of the parties' respective rights will resolve an actual and justiciable controversy.

33. Plaintiffs have retained the undersigned firm to represent them in this matter and are obligated to pay the firm's legal fees and costs.

WHEREFORE, Plaintiffs, Michael Joseph McGraw and Michael Joseph McGraw, as Trustee of the Michael Joseph McGraw Family Trust, request entry of a judgment against Defendant, Mary Therese McGraw, declaring that: (a) Plaintiffs are not in default of the Note; (b) the Note, including the Further Assurances provision in Paragraph 7.1(b) of the Note, does not require Mr. McGraw to furnish the requested additional financial documents; (c) Mr. McGraw has complied with the Former Wife's demand for financial documents; and (d) all amounts due under the Note are not due and payable as a result of the Event of Default alleged by the Former Wife;

- 11 -

and awarding Plaintiffs their attorney's fees and costs pursuant to Paragraph 9.14 of the Note and Florida law, court costs, such other and further, necessary or proper relief pursuant to 28 U.S.C. § 2202.

Dated:  March 23, 2021

By: *s/ Jeffrey S. Wertman*
Charles H. Lichtman
Florida Bar No. 501050
Jeffrey S. Wertman
Florida Bar No. 003093
jwertman@bergersingerman.com
BERGER SINGERMAN LLP
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900
Fax: (954) 523-2872
*Attorneys for Plaintiffs, Michael Joseph McGraw and Michael Joseph McGraw, as Trustee of the Michael Joseph McGraw Family Trust*

- 11 -
10425765-3